**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHRISTOPHER F. MALLOY, | ) | No. CV 08-226-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Currently pending before the Court is Plaintiff's Attorney's Motion For Award Of Attorney's Fees Under 42 U.S.C. § 406(b). (Dkt. #29). Counsel seeks $18,542.00 as a 406(b) attorney fee award for his representation of Plaintiff in this social security appeal. Defendant filed a Response To Counsel's Petition For Attorney Fees Pursuant To 42 U.S.C. § 406(b), in which the Government states that it does not oppose the requested fee. (Dkt. #31).

Section 406(b) of the Social Security Act provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, no tin excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The attorney fees are payable from funds withheld from a claimant's past-due benefits by the Social Security Administration for work performed by

1  the claimant's counsel before the district court on his or her claim for Title II disability
2  benefits under the Social Security Act.

3       In Gisbrecht v. Barnhart, the United States Supreme Court stated that a district
4  court reviews a petition for Section 406(b) fees "as an independent check" to assure that
5  contingency fee agreements between Social Security claimants and their attorneys will
6  "yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). Fee agreements
7  are not enforceable to the extent that they provide for fees exceeding 25 percent of the
8  past-due benefits. Id. Within the 25 percent boundary, the attorney "must show that the
9  fee sought is reasonable for the services rendered." Id. In making that determination, the
10 district court should consider, among other things, the character of the representation and
11 the results achieved in making its determination. Id. at 808. Also, a reduction in attorney
12 fees may be warranted in certain circumstances, such as when the benefits are large in
13 comparison to the amount of time counsel spent on the case or when the attorney is
14 responsible for delay, so that the attorney will not profit from the accumulation of
15 benefits during the pendency of the case in court. Id. See generally Crawford v. Astrue,
16 545 F.3d 854 (9th Cir. 2008).

17      Here, Plaintiff's counsel seeks $18,542.00. (Dkt. #29). This amount is subject to
18 the Equal Access to Justice Act ("EAJA") offset of $5,500.00, resulting in a net out-of-
19 pocket award of $13,402.00. (Dkt. #30, pp. 2-3; Dkt. #31, pp. 3-4). Counsel's attached
20 Itemization of Services indicates that he worked approximately 32.4 hours representing
21 Plaintiff at the district court level. (Dkt. #30, Exh. 3). This results in an average attorney
22 fee rate of $572.28 per hour ($18,542.00 divided by 32.4 hours). That rate does not
23 appear excessive. (Dkt. #31, p.4). In light of the contingency fee agreement – by which
24 Plaintiff agreed to pay counsel up to 25% of any past-due benefits that counsel recovered
25 on appeal – and "the reasonableness factors noted in Gisbrecht, including the attorney's
26 risk of loss, the nature and character of the representation, future benefits accruing to the
27 petitioner from counsel's work, delays caused by counsel and other uncertainties," Black

1  v. Astrue, 229 Fed.Appx. 515, 517 (9th Cir. 2007), the Court finds the amount sought to
2  be reasonable.
3  **Accordingly,**
4  **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Award of Attorney's
5  Fees Under 42 U.S.C. § 406(b). (Dkt. #29). Plaintiff's counsel is awarded attorney's fees
6  in the amount of $18,542.00.
7  **IT IS FURTHER ORDERED** directing Plaintiff's counsel, after receipt of the
8  awarded fee, to refund to Plaintiff the fee previously awarded under the Equal Access to
9  Justice Act, in the amount of $5,500.00.
10  DATED this 7th day of July, 2009.

_____
Mary H. Murgula
United States District Judge